**22**    In the Matter of HAROLD W. FARRELL, an Attorney.— Motion for reinstatement granted.    Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Valente, JJ.

## (February 10, 1960)

■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID ZYGELMAN, Appellant.— Judgment of conviction unanimously reversed, on the law and in the exercise of discretion, and sentence vacated and the proceedings remanded to the Court of General Sessions, New York County, for such action as may be appropriate. It is evident that neither defendant nor the prosecutor was aware of the provisions in the State Residential Rent Law providing for a stay of proceedings in a proper case (State Residential Rent Law, § 9, subd. 3, par. [b], cl. [2]; L. 1946, ch. 274, as last amd. by L. 1959, ch. 695). While it is true that all defendant asked for was an adjournment of sentence as a matter of discretion, the interests of justice require that defendant be put in the same situation in which he would have been if he had been aware of the law. Since the protest proceedings before the administrative agency have only recently been completed and the time to have the agency's determination reviewed under article 78 of the Civil Practice Act has not yet expired, defendant is entitled to apply for a stay in accordance with the statute. In remanding the proceedings, however, the court does not limit defendant as to the kind of relief for which he may wish to apply. In view of this disposition, the excessiveness of the sentence need not be reached, but neither the present record nor present probation report would seem to justify its severity.    Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Stevens, JJ.

■    DE LONG CORPORATION v. MORRISON-KNUDSEN COMPANY, INC. et al.— Motion granted to the extent of staying all proceedings pending the determination by this court of the appeal taken by defendant-appellant from the order entered on January 8, 1960, and extending the time of the defendant-appellant to move to vacate or modify the undated notice of examination of said defendant served on or about November 17, 1959, until 10 days after the hearing and determination by this court of said appeal on condition that the appeal be perfected on or before March 3, 1960, with notice of argument for March 15, 1960, said appeal to be argued or submitted when reached.    Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Valente, JJ.

■    SUZANNE M. SMITH v. DOUGHBOYS AUTO SALES CORP. et al.— Motion to dismiss appeal granted, with $10 costs, unless the appellant procures the record on appeal and appellant's points to be served and filed on or before March 3, 1960, with notice of argument for March 15, 1960, said appeal to be argued or submitted when reached.    Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Valente, JJ.